NORMA MINING COMPANY v. MACKAY. (Circuit Court of Appeals, Ninth Circuit. October 14, 1919.) No. 3319. On rehearing. Rehearing denied, but former judgment modified. For former opinion, see 258 Fed. 914, —— C. C. A. ——.

PER CURIAM. The petition for rehearing is denied. The petition for modification of the judgment of this court is granted, so as to allow the appellant herein, Norma Mining Company, a corporation, 90 days after the mandate of this court is filed in the District Court within which to redeem the property which was the subject of the sale in this action, provided the appellant herein shall, before the expiration of 90 days after the filing of the mandate of this court, repay to Hugh Mackay, appellee herein, any and all amounts paid by him by virtue of the decree entered in the cause, and also all costs which he may have paid, together with any sums which he may have paid for taxes, together with interest upon any and all of such sums so paid out by him, at the legal rate of interest within the state of Arizona. Such sums and the amounts to be paid shall be ascertained by the District Court. Mandate forthwith.

---

LEVINSTEIN v. E. I. DU PONT DE NEMOURS & CO., Inc. (District Court, D. Massachusetts. October 27, 1919.) No. 1102. On motion to vacate order for taking depositions. Action on dedimus suspended until further order. See 258 Fed. 667. Robert M. Morse and Frank H. Stewart, both of Boston, Mass., for plaintiff in error. Elbridge R. Anderson, of Boston, Mass., for defendant in error.

MORTON, District Judge. At the conclusion of the arguments I gave judgment orally, in substance as follows: The usual way of taking testimony after a case is at issue is under section 863 of the Revised Statutes (Comp. St. § 1472). Section 866 (Comp. St. § 1477) is not to be resorted to unless it is "necessary" to do so in order to prevent "a failure or delay of justice." The affidavits submitted do not satisfy me that the evidence which the plaintiff desires cannot be obtained in the usual way, and I am therefore unable to find that the necessity required by section 866 exists. At the same time I am not insensible to the carefully guarded statements of defendant's counsel as to the presence of witnesses and the production of books at the trial. He has reserved entire liberty of action in that respect. The plaintiff is plainly entitled to the assistance of the court in obtaining the evidence which he seeks, and I shall be disposed to use the full power of the court, as circumstances may require, to secure to him his rights. It may conceivably be to his advantage to have the present dedimus outstanding, so that its authority can be readily invoked. I therefore shall not recall it; but action under it is to be suspended until further order. If there is further disagreement about the specifications, parties may apply to me to fix the time for filing.